**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**CRYSTAL LEANNE KOCSIS,**

**Plaintiff,**

**vs.** **Case No. 4:16cv529-RH/CAS**

**FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, et al.,**

**Defendants.**

_____________________________/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ECF No. 1. Defendants filed a motion to dismiss on January 20, 2017. ECF No. 21. Plaintiff was notified that she could file opposition to the motion to dismiss, ECF No. 22, which she did on February 16, 2017. ECF No. 23.

Plaintiff's opposition was submitted with approximately 170 pages of attachments. ECF No. 23-1 through ECF No. 23-8. However, analysis of a motion to dismiss is generally limited to the face of the complaint and any

attachments thereto. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller)). It may be permissible to "consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of America Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), and Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) (stating "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.")). A cursory review of the documents Plaintiff submitted reveal they are not central to Plaintiff's claims but, rather, are provided as supportive of her allegations. Such documents may serve a purpose at the summary judgment stage of litigation, but not in determining whether a complaint states a claim for relief. Thus, Plaintiff's exhibits have not been considered in ruling on the motion to dismiss.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement,"

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). The requirements of Rule 8 do "not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950. The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Allegations of the Complaint**

Plaintiff's complaint was filed under 28 U.S.C. § 1331 against five Defendants: (1) The Florida State University ["FSU"] Board of Trustees, (2) Jennifer Broomfield, FSU Title IX Director, (3) Thomas Blomberg, Dean of FSU's College of Criminology and Criminal Justice, (4) Dr. Daniel Mears, a Professor, and (5) Dr. Marc Gertz, a Professor. ECF No. 1 at 2-3. In the fall semester of 2013, Plaintiff was "a fourth year PhD student" in FSU's College of Criminology. ECF No. 1 at 4.[2]

The complaint alleges numerous instances in which Dr. Gertz made disparaging comments to, and about, female students. *Id.* at 4. Dr. Gertz also made racial and ethnic comments to students. *Id.* Further, Plaintiff alleged that Dr. Gertz improperly disclosed students' grades to other students, and discussed the test results of another professor's midterm examinations "in front of the entire class." *Id.* at 5.

Plaintiff alleged that she has disabilities and that Dr. Gertz was aware of such because he had been presented "with her Student Disability notice

---

[2] Citations are to the page number shown on the Court's electronic docket (ECF), not the page number provided by Plaintiff at the bottom of the pleading. For example, the complaint as filed on ECF consists of 15 total pages, and the statement of facts begins on page 4 of 15. However, Plaintiff typed page numbers on the bottom of the pleading and her page number 1 is found at ECF No. 1 at 4.

issued by FSU's Student Disability Resource Center (SDRC)." *Id.* at 4. On November 12, 2013, Dr. Gertz failed to provide a copy of Plaintiff's exam to the SDRC's exam administrator, and Plaintiff had to "walk across campus" and interrupt students taking the exam to obtain a copy of the exam from Dr. Gertz's proctor. *Id.* at 5.

On November 26, 2013, Plaintiff spoke with the department head, Dr. Carter Hay, about Mr. Gertz's "inappropriate comments" which were "intentionally directed at female students and students of color." *Id.* at 5. Because of her disability, Plaintiff had tape recordings from class and offered to let Dr. Gertz listen to them. *Id.* Dr. Hay did not want to hear the tape and, ultimately, told Plaintiff to take the matter up with the Dean, Thomas Blomberg. *Id.* After complaining to Dr. Hay, Plaintiff alleged that she noticed "subtle peculiarities" in her grades and "in professional interactions with other faculty." *Id.* "Not wanting to file an official complaint for fear of retaliation," Plaintiff first "attempted to resolve the arbitrary grading[3] individually with the professors." *Id.*

---

[3] Plaintiff's "grade in Dr. Gertz's class dropped from a 94 (A) to an 88 (B+)." ECF No. 1 at 5. She also alleged that Dr. Eric Baumer (who is not a Defendant) used his own grading system and not that which was "recommended" by FSU. *Id.*

Plaintiff also alleged that she "has been repeatedly passed over for a waiver and an assistantship for students who do not have a Master's degree yet," in violation of policy. ECF No. 1 at 6. Plaintiff complains that Dr. Travis Pratt[4] was hired by FSU after being terminated from Arizona State University's School of Criminology and Criminal Justice. *Id.*

She further contends that in June of 2015, she sought to file "an official complaint" with "FSU's Office of Equal Opportunity and Compliance (EOC)." ECF No. 1 at 6. Plaintiff first tried to hand deliver a complaint to Assistant Direct Amber Wagner (who is not a Defendant), but Wagner refused. *Id.* Plaintiff asked if she could email her complaint to "the Title IX Director's (Jennifer Broomfield) email address" but Wagner told her it was not set up yet, so she could "try emailing" her complaint to Dr. Jennifer Buchanan, an Assistant Vice President (and not a Defendant). *Id.*

Plaintiff "made contact" with Dr. Buchanan on June 17, 2015, but on the following day, Dr. Buchanan informed Plaintiff "she had emailed the complaint to Jennifer Bloomfield." *Id.* at 6. Plaintiff alleged she "filed an official complaint" with FSU's EOC on June 18, 2015. *Id.*

---

[4] Plaintiff alleged, without any supporting facts, that Dr. Pratt's termination was related to sexual harassment. ECF No. 1 at 6.

On September 11, 2015, the "EOC issued a determination and investigative summary." ECF No. 1 at 6. The conclusion was the Plaintiff's "allegations did not rise to the level of a Sexual Harassment Policy Violation," although Plaintiff contends the summary corroborated her allegations because it noted a 2005 investigation in which Dr. Gertz was alleged to have "made demeaning comments and sexual propositions." *Id.*

Plaintiff alleges that during the EOC investigation, Dean Blomberg "falsely claimed" that Plaintiff's GRE scores did not meet admission standards. *Id.* at 6-7. On October 7, 2015, Plaintiff "filed an official complaint against FSU with the United States Department of Education, Office of Civil Rights." *Id.* at 7. On December 23, 2015, the Office of Civil Rights "granted a 'waiver of the 180-day filing requirement' covering the allegations that have occurred from 2013-2015 . . . ." *Id.*

In the meantime, Plaintiff initiated an informal grade appeal on November 29, 2015, with Dr. Mears. *Id.* at 7. On February 3, 2016, "FSU refused to review" her grade appeal." *Id.* On May 29, 2016, Plaintiff "was forced to leave FSU . . . due to FSU's unwillingness to resolve the harassment and retaliation, which resulted" the denial of a tuition waiver,

teaching assistantship, and permission to take comprehensive exams which are required for a PhD. ECF No. 1 at 7.

Construed liberally, Plaintiff's complaint alleges a discrimination claim under Title IX, ECF No. 1 at 7-8, and retaliation for calling attention to such discrimination. *Id.* at 8. Plaintiff seeks "injunctive, equitable, compensatory, and punitive relief." *Id.* at 13.

**Motion to Dismiss**

Defendants first assert that Plaintiff's complaint should be dismissed for lack of standing. ECF No. 21 at 1-4. In particular, Defendants note that very few of Plaintiff's allegations "actually involve Plaintiff." *Id.* at 2. The incidents alleged concerning Dr. Gertz reveal Plaintiff was not the target of the harassment but, instead, was "simply a bystander." *Id.* at 3.

Defendants also seek dismissal of Plaintiff's complaint against the individual Defendants. *Id.* at 4-5. Defendants point out that individual school officials cannot be held liable under Title IX which must, instead, be brought against the entity which receives federal funding. *Id.*

Additionally, Defendants argue that the complaint should be dismissed because Plaintiff did not allege that she brought her complaint to a person "with authority to take corrective action" and her complaint

contains conclusory allegations and not facts. *Id.* at 7-8. Defendants request the complaint be dismissed in its entirety. *Id.* at 8.

**Analysis**

**A. Standing**

"Title IX provides in pertinent part: 'No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.'" 20 U.S.C. § 1681(a) (quoted in Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 280, 118 S. Ct. 1989, 1994, 141 L. Ed. 2d 277 (1998)). The Supreme Court held that title IX is enforceable through an implied private right of action so that individuals as well as federal agencies may enforce that requirement. Cannon v. Univ. of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); Kinsman v. Florida State Univ. Bd. of Trustees, No. 4:15cv235-MW/CAS, 2015 WL 11110848, at *1 (N.D. Fla. Aug. 12, 2015). In Franklin v. Gwinnett Cty. Pub. Sch., 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Court established that monetary damages are also available in the implied private action. Gebser, 524 U.S. at 281, 118 S. Ct. at 1994; *see also* Williams v.

Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1293 (11th Cir. 2007).

Moreover, “the private right of action implied by Title IX encompasses claims of retaliation.” Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 1502, 161 L. Ed. 2d 361 (2005) (holding that “where the funding recipient retaliates against an individual because he has complained about sex discrimination,” the individual may bring suit under Title IX). Noting that Title IX prohibits “a funding recipient from subjecting any person to ‘discrimination’ ‘on the basis of sex,” the Court held that “[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action.” Jackson, 544 U.S. at 173-74, 125 S. Ct. at 1504 (citing 20 U.S.C. § 1681 and stating that “retaliation is discrimination ‘on the basis of sex’ because it is an intentional response to the nature of the complaint: an allegation of sex discrimination.”). In so holding, the Court rejected the argument that one could not invoke “Title IX's private right of action” if that person were “an ‘indirect victi[m]’ of sex discrimination.” 544 U.S. at 179, 125 S. Ct. at 1507. “The statute is broadly worded; it does not require that the victim of

the retaliation must also be the victim of the discrimination that is the subject of the original complaint." *Id.* (citing Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 237, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) and explaining its "holding that a person may bring suit under 42 U.S.C. § 1982 if he can show that he was 'punished for trying to vindicate the rights of minorities'").

Defendants recite general principles of "standing," *see* ECF No. 21 at 1-4, and argue that her complaint "against all of the Defendants should be dismissed for lack of standing." *Id.* at 4. Defendants do not cite to any Title IX cases which stand for the proposition that a female student who is indirectly subjected to discriminatory comments based on gender, even though the comments are directly aimed at another female student, lacks standing to bring a discrimination claim under Title IX. Notwithstanding, "discrimination" under Title IX is construed broadly and includes "sexual harassment." Whether Plaintiff was subjected to such "sexual harassment" has not been argued. Indeed, Plaintiff argues in response to the motion to dismiss that "hostile environment can occur even if the harassment is not targeted specifically at the individual complainant." ECF No. 23 at 2 (citing to non-Title IX cases). That argument was not raised and need not be

decided at this juncture. It is clear that Plaintiff has standing to bring a discrimination claim pursuant to Title IX[5] due to her alleged retaliation. Jackson, 544 U.S. at 179, 125 S. Ct. at 1507. The motion to dismiss for lack of standing should be denied.

**B. Claims against the individual Defendants**

Defendants seek dismissal of the claims against the four individuals named as Defendants. ECF No. 21 at 4-5. "Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations." Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999) (cited in Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1300 (11th Cir. 2007)). Defendants are correct in that FSU is the funding recipient, not Dr. Gertz, Dr. Myers, Dean Blomberg, or Director Broomfield. *See* Kinsman, No. 4:15cv235-MW/CAS, 2015 WL 11110848, at *1 (noting "FSU is a Title IX funding recipient"). Plaintiff's citation to cases brought pursuant to 42 U.S.C. § 1983 is not on point. *See* ECF No.

[5] Congress enacted Title IX not only to prevent the use of federal dollars to support discriminatory practices, but also "to provide individual citizens effective protection against those practices." Cannon, 441 U.S. at 704, 99 S.Ct. 1946 (quoted in Jackson, 544 U.S. at 180, 125 S. Ct. at 1508).

23 at 16-17. The motion to dismiss should be granted as to the individual Defendants.

**C. Failure to state a claim**

Defendants contend that Plaintiff's complaint did not allege the "three elements" necessary to support a Title IX claim. ECF No. 21 at 6. What a complaint must allege to state a claim for sexual harassment under Title IX are two things: (1) an educational institution "official with the authority to take corrective measures had actual notice of the harassment; and (2) the official with such notice was deliberately indifferent to the misconduct." Sauls v. Pierce Cty. Sch. Dist., 399 F.3d 1279, 1284 (11th Cir. 2005) (citing Gebser, 524 U.S. at 290-93, 118 S.Ct. at 1999-2000; Davis v. Dekalb Cty. Sch. Dist., 233 F.3d 1367, 1371 (11th Cir. 2000)). Plaintiff alleged that she first met with Dr. Hay, to discuss her concerns with "Dr. Gertz's inappropriate comments." ECF No. 1 at 5. He advised Plaintiff to take the matter to Dean Blomberg. *Id.* Plaintiff alleged that she eventually decided to file an official complaint and the Assistant Director (Amber Wagner) for FSU's Office of Equal Opportunity and Compliance ["EOC"] directed her to email her compliant to Dr. Jennifer Buchanan, an Assistant Vice President. *Id.* at 6. Dr. Buchanan advised Plaintiff on June 18, 2015, that she had, in

turn, “emailed the complaint to Jennifer Bloomfield,” the Title IX Director. *Id.* at 3. Plaintiff alleged that an investigation was undertaken, the alleged statement of Dr. Gertz was “corroborated,” but her complaint was dismissed because it “did not rise to the level of a sexual harassment policy violation.” *Id.* at 5-6. Plaintiff alleged that “FSU’s EOC failed to properly investigate and respond to the allegations” raised in her complaint. *Id.* at 9. The pro se complaint sufficiently alleged facts in support of a plausible Title IX case. The complaint is not merely “conclusory,” but is supported by specific facts, dates, and persons. The motion to dismiss for failure to state a claim should be denied.

**Recommendation**

It is respectfully **RECOMMENDED** that Defendants’ motion to dismiss, ECF No. 21, be **GRANTED in part and DENIED in part**. The claims brought against the individuals Defendants should be **DISMISSED**, but the motion to dismiss should otherwise be denied and the FSU Board of Trustees be required to file an answer to the complaint within ten days of entry of an Order adopting this Report and Recommendation. Finally, it is

**RECOMMENDED** that this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**